**Bradford L. MORTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8210.**

Court of Appeals of Alaska.

May 2, 2003.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth J. Diemer, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Barbara J. Ritchie, Acting Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

A jury convicted Bradford L. Morton of burglary in the second degree,[1] theft in the third degree,[2] criminal mischief in the third degree,[3] and possession of burglary tools.[4] Morton was convicted based on evidence that he had broken into a gift shop and stolen jewelry.

---

1. AS 11.46.310(a).

2. AS 11.46.140(a).

3. AS 11.46.482(a).

4. AS 11.46.315(a).

Morton appeals his conviction for possession of burglary tools, contending that he could not be convicted of that offense for possession of an ordinary screwdriver and rubber mallet, neither of which had been adapted or designed for use in committing a burglary. The State has confessed error. We accept the State's concession and order the superior court, on remand, to enter a judgment of acquittal on Morton's charge that he possessed burglary tools.

Alaska Statute 11.46.315 criminalizes the possession of burglary tools. A person commits this crime if he possesses the burglary tool "with intent to use or permit use of the tool in the commission of . . . burglary in any degree." The statute defines the term "burglary tools" as:

(1) nitroglycerine, dynamite, or any other tool, instrument, or device adapted or designed for use in committing a crime referred to in (a)(1)-(3) of this section; or

(2) any acetylene torch, electric arc, burning bar, thermal lance, oxygen lance, or other similar device capable of burning through steel, concrete, or other solid material.[5]

Because Morton did not possess explosives or a burning device capable of penetrating steel or other solid material, Morton could have only violated the statute if his tools were "adapted or designed" for use in committing a burglary.

The legislative commentary to AS 11.46.315 expressly states the legislature's intent to not criminalize the possession of ordinary tools, even if those tools were used to commit a burglary. The commentary to AS 11.46.315 states:

[U]nless the defendant possessed nitroglycerine, dynamite, "an acetylene torch, electric arc, burning bar, thermal lance, oxygen lance or other similar device capable of burning through steel, concrete, or other solid material," the state must establish that the tool was "adapted or designed for use" in committing one of the three target crimes. That the tool was "com-

monly used for committing" the offense is not sufficient. This exclusion is necessary to insure that possession of items such as screwdrivers, toothpicks or rubber gloves will not give rise to prosecution under the statute.[6]

The State concedes that Morton possessed an ordinary screwdriver and an ordinary rubber mallet that had not been altered in any manner and that both items were not designed to commit a burglary. He therefore did not commit this offense.

We accordingly direct the superior court, on remand, to issue a judgment of acquittal on the charge that Morton possessed burglary tools.

Morton's conviction for possession of burglary tools is VACATED. On remand the superior court shall enter a judgment of acquittal.

---

**5.** AS 11.46.315(b)(1)-(2).

**6.** Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 105, 1978 Senate Journal 1399.